UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————— x

INTERNATIONAL UNION OF OPERATING :   Civil Action No. 1:15-cv-03599-KMW
ENGINEERS LOCAL NO. 478 PENSION : 
FUND, Individually and on Behalf of All :   <u>CLASS ACTION</u>
Others Similarly Situated, :
  :
                  Plaintiff, :   MEMORANDUM OF LAW IN SUPPORT
  :   OF MOTION FOR APPOINTMENT AS
  :   LEAD PLAINTIFF AND APPROVAL OF
     vs. :   LEAD PLAINTIFF'S SELECTION OF
  :   LEAD COUNSEL
FXCM INC., et al., :
  :
                  Defendants. :
  :

——————————————————— x

Teamsters Local 710 Pension Fund and Inter-Local Pension Fund GCC/IBT (collectively, the "Pension Funds") respectfully submit this memorandum of law in support of their motion for appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") and approval of their selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the class.

## I.   INTRODUCTION

A putative class action lawsuit is pending in this District on behalf of purchasers of FXCM Inc. ("FXCM" or the "Company") common stock between June 11, 2013 and January 20, 2015 (the "Class Period") seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act") against the Company, its CEO and CFO.[1]   In securities class actions, the PSLRA requires district courts to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).   The Pension Funds should be appointed as lead plaintiff because they: (1) timely filed this Motion; (2) have the largest financial interest in the outcome of this litigation of any plaintiff of which their counsel is aware; and (3) will adequately represent the interests of the class.   *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).   In addition, the Pension Funds' selection of Robbins Geller as lead counsel for the class should be approved.   *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.   FACTUAL BACKGROUND

FXCM provides online foreign exchange ("FX") trading and related services to retail and institutional customers worldwide.   The Company acts as an agent between retail customers and a collection of global banks and financial institutions by making foreign currency markets for

---

[1]   All emphasis is added and all citations are omitted unless otherwise noted.

customers trading in foreign exchange spot markets.  FXCM provides its customers access to over-the-counter FX markets through its proprietary technology platform.

The Complaint alleges that defendants issued materially false and misleading statements during the Class Period regarding the Company's business operations and the strength of its financial prospects, while concealing significant weaknesses concerning its core business, including the true potential risk posed by market volatility, that the Company's agency model did not insulate the Company from financial risk from its heavily leveraged clients, and that the Company did not maintain sufficient regulatory capital reserves.  As a result of these materially false and misleading statements, FXCM's stock traded at inflated prices during the Class Period, reaching close to $20 per share and, according to the Complaint, allowing the Company's CFO to sell close to $3.5 million worth of his FXCM stock at artificially inflated prices.

On January 15, 2015, the Swiss National Bank announced that it was ending a policy that capped the Swiss franc-euro exchange rate at 1.20 euros to the Swiss franc and allowed the franc to trade feely against the euro.  The franc jumped as much as 41% against the euro on this news.  Then, after the markets closed on January 15, 2015, FXCM announced that despite its vaunted agency model which supposedly insulated it from counterparty risk, the Company's customers had suffered $225 million in cumulative losses as a result of the aftermath of the Swiss National Bank's announcement and that the Company was in danger of not meeting its regulatory capital requirements.

The next day, FXCM announced it had been extended a loan to stave off regulatory default and possible bankruptcy.  The terms of the loan, however, were described as "highly punitive" and wiped out nearly all shareholder value in the Company and trading in the Company's stock was suspended.

Trading in FXCM stock resumed on January 20, 2015, with the stock closing at $1.60 per share, down from $12.63 per share on January 15, 2015, or a decline of almost 90% in three trading days.  The stock has not recovered and currently trades at less than $1.50 per share.

## III.   ARGUMENT

### A.   The Pension Funds Should Be Appointed as Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint.  15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *Reitan v. China Mobile Games & Entm't Group, Ltd.*, 2014 U.S. Dist. LEXIS 163135, at *11 (S.D.N.Y. Nov. 20, 2014).  The Pension Funds meet these requirements and should therefore be appointed as Lead Plaintiff.

### 1.   The Pension Funds' Motion Is Timely

The notice published in this action on May 8, 2015, advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed Class Period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days of publication, or by July 7, 2015.  *See* Declaration of David A. Rosenfeld in Support of Motion for Appointment as Lead

- 3 -

Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A. Because the Pension Funds' motion is being filed on July 7th, they are eligible for appointment as lead plaintiff.

### 2. The Pension Funds Have the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Pension Funds purchased more than 121,300 shares of FXCM stock and lost in excess of $1.5 million as a result of defendants' alleged misconduct. *See* Rosenfeld Decl., Exs. B, C. To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the Pension Funds satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3. The Pension Funds Satisfy Rule 23 of the Federal Rules of Civil Procedure at This Stage

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Of the four Rule 23 requirements, typicality and adequacy are generally considered the most relevant to the appointment of a lead plaintiff. *See Reitan*, 2014 U.S. Dist. LEXIS 163135, at *23-*25 (considering only the typicality and adequacy requirements at the lead plaintiff stage). "The typicality requirement of Rule 23(a)(3) is met where '"each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."'" *Id.* at *23. "In order for the [adequacy] requirement to be satisfied, '(1) there should be no conflict between the proposed lead plaintiff and the members of the class, (2) the selected counsel should be qualified, experienced, and able to conduct the litigation, and (3) the lead plaintiff should have a sufficient interest in the outcome to insure vigorous advocacy.'" *Id.* at *24.

- 4 -

Here, the Pension Funds' claims are based on the same legal theory (violations of the Exchange Act) and arise from the same events and course of conduct (FXCM's false and misleading statements) as the class's claims.  Indeed, the Pension Funds' investment in FXCM spans the entire Class Period, which will ensure the broader class's interests are protected and advanced.  *See* Rosenfeld Decl., Ex. D.  Moreover, the Pension Funds satisfy the adequacy requirements because there are no conflicts between them and the members of the class, their selected counsel is qualified (as discussed in §III.B below) and the Pension Funds have a sufficient interest in the outcome based upon the significant damages suffered as a result of defendants' purported misrepresentations.

As such, the Pension Funds satisfy the typicality and adequacy requirements at this stage.

### B.      The Court Should Approve the Pension Funds' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *Reitan*, 2014 U.S. Dist. LEXIS 163135, at *26-*27.

The Pension Funds selected Robbins Geller to serve as lead counsel.  *See* Rosenfeld Decl., Ex. E.  Robbins Geller has "substantial experience in the prosecution of shareholder and securities class actions." *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 191 (S.D.N.Y. 2008) (Sweet, J.).  Indeed, "Robbins Geller has served as lead or co-lead counsel in numerous securities class actions, including *In re Enron Corp. Sec. Litig*., No. 01-H-3624, 2005 U.S. Dist. LEXIS 41240, 2005 WL 3504860 (S.D. Tex. Dec. 22, 2005), as well as several cases filed in the district courts within the Second Circuit." *Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp*., 2010 U.S. Dist. LEXIS 103218, at *18 (E.D.N.Y. Aug. 17, 2010).

- 5 -

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, the Pension Funds' selection of Robbins Geller as lead counsel should be approved.

## IV.    CONCLUSION

The Pension Funds have satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, the Pension Funds respectfully request that the Court grant their motion for appointment as lead plaintiff, approve their selection of counsel and grant such other relief as the Court may deem just and proper.

DATED:  July 7, 2015                   Respectfully submitted,

SAMUEL H. RUDMAN
DAVID A. ROSENFELD
ROBBINS GELLER RUDMAN
  & DOWD LLP


s/ David A. Rosenfeld
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

DANIELLE S. MYERS
ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

- 6 -

CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2015, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 7, 2015.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:drosenfeld@rgrdlaw.com

# Mailing Information for a Case 1:15-cv-03599-KMW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Paul Richard Bessette**
  pbessette@kslaw.com,rprice@kslaw.com,kbryan@kslaw.com,mbiles@kslaw.com,jworsham@kslaw.com,ccisneros@kslaw.com

- **Donald A Broggi**
  dbroggi@scott-scott.com

- **Israel Dahan**
  idahan@kslaw.com,jcmccullough@kslaw.com

- **Joseph Peter Guglielmo**
  jguglielmo@scott-scott.com,edewan@scott-scott.com,tcrockett@scott-scott.com,ichilaia@scott-scott.com,efile@scott-scott.com,aslaughter@scott-scott.com

- **Thomas Livezey Laughlin , IV**
  tlaughlin@scott-scott.com,sjacobsen@scott-scott.com,ichilaia@scott-scott.com,efile@scott-scott.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)