MANDATE

N.Y.S.D. Case #
15-cv-3599(KMW)

16-3775-cv
Retirement Board of the Policemen's Annuity and Benefit Fund of Chicago v. FXCM Inc., et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 27th day of July, two thousand seventeen.

Present:   GUIDO CALABRESI,
           ROSEMARY S. POOLER,
                      *Circuit Judges*.
           BRIAN M. COGAN,[1]
                      *District Judge*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 17, 2017

---

RETIREMENT BOARD OF THE POLICEMEN'S ANNUITY
AND BENEFIT FUND OF CHICAGO, on Behalf of the
Policemen's Annuity and Benefit Fund of Chicago,

               *Plaintiff-Appellant*,

               v.               16-3775-cv

FXCM INC., DROR NIV, ROBERT LANDE,

               *Defendants-Appellees*.[2]

---

[1] Judge Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

[2] The Clerk of Court is respectfully directed to amend the caption as above.

MANDATE ISSUED ON 08/17/2017

Appearing for Appellant: Deborah Clark Weintraub, Scott+Scott, Attorneys at Law, LLP (Beth A. Kaswan, *on the brief*), New York, NY.

Appearing for Defendants-Appellees:
Paul R. Bessette, King & Spalding LLP (Israel Dahan, Michael Biles, Tyler W. Highful, Srimath S. Subasinghe, James P. Sullivan, *on the brief*), New York, NY.

Appeal from the United States District Court for the Southern District of New York (Wood, *J.*)

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED** and the case **REMANDED** to the District Court for proceedings consistent with this Order.

Plaintiff-appellant Retirement Board of the Policemen's Annuity and Benefit Fund of Chicago ("plaintiff"), on behalf of the Policemen's Annuity and Benefit Fund of Chicago, appeals from the August 18, 2016 opinion and order and October 7, 2016 judgment of the United States District Court for the Southern District of New York (Wood, *J.*), dismissing plaintiff's putative class action complaint alleging securities fraud against defendants-appellees FXCM Inc. ("FXCM"), Dror Niv, FXCM's Chairman and CEO during the class period, and Robert Lande, FXCM's CFO during the class period ("defendants"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Subsequent to plaintiff filing its opening brief in this Court, information relating to the results of two enforcement actions against FXCM became publicly available (the "enforcement evidence"). Without supplementing the record, plaintiff described the enforcement evidence in its reply brief and made arguments based on it. In addition, plaintiff moved for reconsideration before the District Court based on the enforcement evidence, and that motion remains pending. Plaintiff asks this Court to consider its new arguments based on the enforcement evidence. We decline.

"It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120 (1976). Moreover, "arguments not raised in an appellant's opening brief, but only in his reply brief, are not properly before an appellate court even when the same arguments were raised in the trial court." *McCarthy v. SEC*, 406 F.3d 179, 186 (2d Cir. 2005); *see also United States v. Yousef*, 327 F.3d 56, 115 (2d Cir. 2003). "This rule, however, is a prudential one, and we have broad discretion to consider issues not raised in the District Court." *Booking v. Gen. Star Mgmt. Co.*, 254 F.3d 414, 418 (2d Cir. 2001); *see also Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("Entertaining issues raised for the first time on appeal is discretionary with the panel hearing the appeal."). This Court has held that it may disregard this prudential rule if "necessary to remedy an obvious injustice," or "if the elements of the claim were fully set forth and there is no need for additional fact finding." *Greene*, 13 F.3d at 586.

Neither of these criteria supports our exercise of discretion to rule on plaintiff's new arguments. We do not have the complete context for the enforcement evidence, as the record before us has not been supplemented; instead, plaintiff merely described the evidence in its reply brief. There is also no amended pleading, nor even a proposed pleading, before us containing any new allegations based on the enforcement evidence; as a result, the elements of the claim are not

2

before us.  Further, defendants have had no opportunity to respond to these new arguments, as they appeared only in plaintiff's reply brief.  Nor has the District Court had an opportunity to consider them, and under these circumstances, allowing the District Court to consider these new arguments in the first instance would not create any manifest injustice.  *See Jordan v. Verizon Corp.*, No. 04-5581CV, 2005 WL 3116750, at *2 (2d Cir. Nov. 22, 2005) (summary order) (finding no manifest injustice where the district court granted plaintiff leave to file a Rule 60(b) motion following appellate review).

Without in any way suggesting whether the enforcement evidence should change the District Court's assessment of scienter, we believe it is of sufficient substance that defendants should have the opportunity to address it, as well as to raise any issue of waiver before the District Court.  Further, the District Court should have the opportunity to assess the parties' arguments, whether in the context of the pending motion for reconsideration, or on a motion for leave to file a second amended complaint, or in such other context as the District Court, in its discretion, determines is appropriate.

Accordingly, the judgment of the District Court hereby is VACATED and this case is REMANDED to the District Court for proceedings consistent with this Order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3